IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Willie James Poole, | ) | |
| | ) | C/A No. 5:16-2635-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Willie James Poole's ("Poole") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On March 6, 2017, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") recommending Respondent's motion for summary judgment (ECF No. 12) be granted and the petition be denied (ECF No. 21). On April 10, 2017, Poole filed objections to the Report (ECF No. 31), and on April 19, 2017, Respondent filed a response to those objections (ECF No. 33).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In his Report, the magistrate judge sets out the facts and procedural history in detail. Briefly, in December 2009, Poole was indicted for murder and possession of a weapon during the commission of a violent crime. Poole was also charged in a separate indictment with assault and battery with intent to kill ("ABWIK"). On January 17, 2012, Poole pled guilty to voluntary manslaughter and possession of a weapon during the commission of a violent crime and the ABWIK charge was dismissed. He was sentenced to thirty years imprisonment for the manslaughter and five years imprisonment for the weapons charge to run consecutively.

Poole filed a direct appeal which was dismissed. Poole then filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel, due process violations; and subject matter jurisdiction. He also alleged his plea was involuntary and that the indictment was defective. The PCR court denied Poole relief and dismissed his application. Poole appealed filing a *Johnson*[1] petition and raising the following issue: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that Petitioner Poole's guilty plea was entered voluntarily and knowingly because plea counsel failed to adequately investigate Petitioner's case?" The

---

[1] *Johnson v. State*, 364 S.E2d 201 (S.C. 1988). In *Johnson*, the South Carolina Supreme Court adopted a procedure for appeal when appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file a *Johnson* petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal.

South Carolina Supreme Court denied Poole's petition for a writ of certiorari.

Poole then filed this habeas petition raising the following grounds for relief, quoted verbatim:

**Ground One**: Ineffective Assistance of Counsel

**Supporting Facts**: Counsel failed to adequately investigate the facts of the case before erroneously advising Petitioner to plead guilty to the lesser included offense. Trial counsel had previously represented Petitioner on armed robbery (5:15-5104-TMC-KDW) and therefore counsel [knew] Petitioner could **not** have committed the murder because Petitioner was committing armed robbery at the time the murder was being committed (See Attached additional facts).[2]

---

[2] Poole alleges the following additional facts to support Ground One, quoted verbatim:

> Petitioner was charged with the murder of Taleva Allen, (Petitioner's significant other) who to have been killed on January 11, 2009 as her body was found in wooded area on January 12, 2009. On January 17, 2012 Petitioner had appeared before Judge Stillwell for the commencement of trial. Petitioner advised the judge he needed an attorney who would help him and that he did <u>not</u> want Timothy Sullivan ("Sullivan") representing him because Sullivan wasn't doing anything to him. (emphasis original and supplied).
>
> At that time Sullivan advised the court that he represented Petitioner on a prior armed robbery case in which Petitioner was ultimately convicted and sentenced to 25-years.
>
> At that time the Judge gave Petitioner a choice to either represent himself or keep Sullivan as counsel. At that point Petitioner felt he had no choice but to allow Sullivan to represent him. It was then that Petitioner realized he should accept the State's offer to plead guilty to voluntary manslaughter and possession of a weapon. Interestingly though, after the Prosecution read the facts the judge asked Petitioner if he shot and killed the decedent, Petitioner replied **"NO".** The judge then stated we will have a trial. Petitioner submits that knowing Sullivan had done nothing to prepare for trial and that Sullivan was not prepared by failing to investigate Petitioner's alibi witnesses there was no way he could proceed to trial with Sullivan as his attorney so he entered a plea of guilty to the State's offer of 30-years in order to "avoid getting a life sentence."

**Ground Two**: Conflict of Interest.

**Supporting Facts**: Petitioner was forced to enter a plea of guilty due to a conflict of interest. Petitioner was previously represented by counsel on an unrelated armed robbery (5:15-5104-TMC-KDW). Thereafter, a jury trial Petitioner was convicted of the armed robbery. On 1-17-2012 Petitioner appeared before Judge Stillwell on the instant offense, App.2, L.9-p.5, L.25. Judge Stillwell gave Petitioner a choice to either roll with Sullivan or self-representation. Petitioner had no choice but to plead guilty. App. 6, L1-p.14,1,24.

(Habeas Petition at 6,7-8, ECF No. 1 at 5, 6-7) (emphasis in original).

## II. Applicable Law

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, a federal court may not grant habeas relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, the state court's factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

---

(ECF No. 1 at 14) (emphasis in original).

To prove such an ineffective assistance of counsel claim, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome of the proceeding would have been different but for the deficient performance, a "reasonable probability" being one "sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When there has been a guilty plea, the petitioner must prove that counsel's representation was below the standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability that petitioner would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987) (stating that summary judgment should be granted "only when it is clear that mere is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

### III. Discussion

Poole lists numerous objections to the magistrate judge's Report. Some are not specific or merely state the magistrate judge erred or rehash the arguments made before the magistrate judge, and many overlap one another. The court has attempted to glean Petitioner's specific objections as they pertain to the two grounds he raises in this petition.

5

**A. Ground One**

In Ground One, Poole contends that plea counsel was ineffective because he failed to adequately investigate the facts of the case before erroneously advising Poole to plead guilty to the lesser-included offense of voluntary manslaughter. In her Report, the magistrate judge recommends the court grant Respondent summary judgment on this ground. (Report at 30). The magistrate judge determined that this claim was without merit. The magistrate judge found that Poole could not demonstrate that the PCR court or South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this issue, or that the PCR court made objectively unreasonable factual findings regarding the effectiveness of plea counsel's investigation. *Id.*

Poole objects to the magistrate judge's finding that the plea was voluntary because he contends that even plea counsel advised the South Carolina Court of Appeals that the plea was not voluntary. (Objections at 5). This is not entirely accurate. In the Notice of Appeal, plea counsel stated that the "guilty plea may not have been voluntary." (ECF No. 11-2 at 1). Along with filing a notice of appeal, plea counsel filed a statement in which he noted that the solicitor would not agree to an *Alford*[3] plea, and while at first Poole refused to admit guilt, when faced with the possibility of a trial, Poole admitted guilt. (ECF No. 11-2 at 3). Plea counsel stated that Poole "had a tough time admitting that he actually shot his former girlfriend and the mother of his child," but Poole wanted to avoid the possibility of a sentence of life imprisonment without the

---

[3]*North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *Uited States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011) (*citing Alford*, 400 U .S. at 37). A trial court may accept an *Alford* plea when: (1) the defendant "intelligently concludes that his interests require entry of a guilty plea;" and (2) "the record before the judge contains strong evidence of actual guilt." *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007) (quoting *Alford*, 400 U.S. at 37-39).

possibility of parole. *Id.* Plea counsel also noted that, in his opinion, there was a good chance that Poole would have been convicted had he gone to trial on the murder charge. *Id.*

Poole also objects to the magistrate judge's finding that plea counsel was not ineffective for failing to investigate an alibi witness. *Id.* Poole contends the finding of the magistrate judge that plea counsel's testimony that he had no recollection of Poole asking him to contact an alibi witness is refuted by the record. (Objections at 6). Poole bases this on a letter he states he wrote to plea counsel. *Id.*

As noted above, in the context of a guilty plea, to establish prejudice, Poole must show that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Poole's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (*citing Hill*, 474 U.S. at 59-60). The court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369-70. Here, Poole received a substantial benefit when he pled guilty to the lesser offense and avoided a sentence of life without parole, and the ABWIk charge was dismissed. Moreover, as counsel noted there was a strong possibility that, had Poole not plead guilty to manslaughter, he would have been convicted of murder. Furthermore, the PCR court rejected Poole's claim in regard to the alleged alibi witnesses. The PCR court noted that plea counsel testified at the PCR hearing that most of the witnesses could not be located and, in plea counsel's opinion, were not likely to be helpful at

7

trial. The PCR court determined that plea counsel adequately investigated and provided Poole with throughly competent representation.

The court agrees with the magistrate judge's determination that the PCR court or South Carolina Supreme Court did not unreasonably misapply clearly established federal law in rejecting this issue, nor did the PCR court made objectively unreasonable factual findings.

**B. Ground Two**

In Ground Two, Poole alleges that his plea counsel had a conflict of interest because he had previously represented Poole on an unrelated armed robbery charge. In her Report, the magistrate judge recommends that Ground Two be dismissed. (Report at 25). She determined that the issue raised in Ground Two is procedurally barred, and the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), does not excuse the procedural default because the issue raised in Ground Two is insubstantial and lacks merit. *Id.*

In his objections, Poole cites to *Martinez* and contends the issue is not barred. He also specifically objects to the magistrate judge finding that there is no evidence of a conflict of interest in this case and no indication that plea counsel's interests divulged from Poole's interests. Poole argues that he " was forced to enter a guilty plea due to a conflict of interest" and the magistrate judge "failed to address the underlying claim that counsel labored under a conflict." (Objections 4-5).

Specifically, Poole argues that the magistrate judge erred by failing to address whether plea counsel was acting under a conflict of interest because plea counsel had represented Poole on the armed robbery charge and knew there was a pending collateral attack on that conviction. (Objections at 7). Poole cites to a Second Circuit Court of Appeals, *Lopez v. Scully*, 58 F3d. 38 (2nd Cir. 1995), which held that counsel had an actual conflict of interest where his client moved

to withdraw his guilty plea, alleging it was induced by counsel's coercion. A conflict existed, since "to argue in favor of his client's motion would require admitting serious ethical violations and possibly subject him to liability for malpractice; on the other hand, any contention by counsel that defendant's allegations were not true would . . . contradict his client." *Id.* at 41 (internal quotation marks and citation omitted. In *Lopez*, counsel denied Lopez's allegations and attacked his client's credibility. *Id.* at 41. The facts in this case are different. Here, Plea counsel was not placed in a position of having to contradict Poole. Poole has not argued counsel coerced him to plead guilty. If anything, he argues the plea judge coerced him.

In any event, the court agrees with the magistrate judge that this claim is procedurally barred, and Poole has not established a substantial claim so as to overcome the bar pursuant to *Martinez*. Pursuant to the holding in *Martinez*, a federal habeas court can find cause, thus excusing procedural default of an ineffective trial counsel claim, where: (1) the claim of ineffective assistance of trial counsel was a "substantial" claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (*quoting Martinez*, 132 S. Ct. at 14-151318-19, 1320- 21). A "substantial" ineffective trial counsel claim is one that has some merit. *Martinez*, 566 U.S. at 14. The court need not decide whether PCR counsel's performance was deficient under *Strickland* because Poole cannot show a reasonable probability that, but for PCR counsel's ineffectiveness, the PCR court would have granted Poole relief. Also, Poole has not shown any prejudice because Poole's guilty plea provided him with substantial benefits as discussed above,

9

such as the reduction of his charge of murder to voluntary manslaughter and the state agreeing not to seek a life sentence without parole.

To the extent, Poole alleges he is innocent (Objections at 6), to establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . ." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. See also Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because the Petitioner could provide "no new evidence at all, . . . his assertion of actual innocence fails"). Because Poole has failed to set forth any new evidence to support an actual innocence claim, Poole's claim fails. Moreover, at the guilty plea, Poole admitted his guilt. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (it is presumed that a defendant's statements at the guilty-plea hearing are presumed to be true). A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, *Blackledge*, 431 U.S. 63 (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific).[4]

---

[4]The court notes that initially Poole did not want to admit his guilt during the guilty plea hearing. However, after the plea judge informed him that he could not plead guilty and also deny that he killed the victim, Poole quickly admitted his guilt. The plea judge then told Poole that he did not

The court agrees with the magistrate judge's determination that the PCR court or South Carolina Supreme Court did not unreasonably misapply clearly established federal law in rejecting this issue, nor did the PCR court made objectively unreasonable factual findings.

**IV. Conclusion**

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation (ECF No. 21). Accordingly, Respondent's motion for summary judgment (ECF No. 12) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 7, 2017

---

want Poole to say he committed the offense, just because Poole thought that was what the plea judge wanted to hear. Poole then responded, "I did it." And the plea judge asked him if he was sure, to which Poole responded "Positive." A short time later, the plea judge stated that he wanted to ask Poole one more time "did you commit this crime?" Poole responded "I plead guilty."